**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0276n.06
Filed: April 13, 2007

**05-3586**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| GAREY SMITH, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| WANZA JACKSON, Warden, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Respondent-Appellee. | ) | |

Before: BOGGS, Chief Circuit Judge, and DAUGHTREY and GIBBONS, Circuit Judges.

PER CURIAM. Petitioner Garey Smith is an Ohio prisoner who was convicted of six counts of felonious assault and who, while he still had litigation pending in state court, filed this action in federal court seeking habeas relief under 28 U.S.C. § 2254. Smith now appeals the order of the district court dismissing his habeas corpus petition "without prejudice to refiling after petitioner has exhausted his currently pending state court remedies." Because the record indicates that such exhaustion has now been achieved, as the respondent concedes, and because the petitioner properly presented his federal claim in the courts of Ohio, we vacate the district court's order and remand the case for a review of the petitioner's double jeopardy claim on the merits.

Briefly summarized, the otherwise convoluted history of this case reflects that after Smith was convicted by a jury in state court, his convictions were overturned by the Ohio Court of Appeals based on a violation of his right to self-representation. In dicta, the appellate court noted that prosecutorial misconduct might also have provided a basis for reversal, but that "given [its] disposition of the [self-representation issue], th[at] issue ha[d] been rendered moot." *State v. Smith*, No. C-020610, 2004 WL 102285, at *7 (Ohio Ct. App. Jan. 23, 2004) (*Smith I*). Prior to commencement of the retrial, Smith filed a motion to dismiss the indictment, alleging that the prosecutorial misconduct identified by the appellate court had so infected his first trial that he could not receive a fair trial the second time around. That motion was denied, and Smith was convicted on some, but not all, of the counts in the indictment.

On appeal from the second set of convictions, Smith argued that the retrial should have been barred by the Double Jeopardy Clause, a claim that the appellate court rejected, noting that "[a] defendant's double-jeopardy rights are not violated under the successive-prosecution prong when he is retried after a reversal and remand, as long as the appellate court did not reverse on the basis of insufficient evidence." *State v. Smith*, 858 N.E.2d 1222, 1239 (Ohio Ct. App. 2006) (*Smith II*). The opinion further observed that "although this court had warned the prosecutor that his misconduct in the first trial may have served as grounds for reversal, the misconduct was not the basis for the reversal." *Id.* at 1249 (footnote omitted). The result of this appeal was a partial affirmance of the convictions in the trial court.

In the meantime, prior to the commencement of the petitioner's second trial in Ohio state court, but after his motion to dismiss the charges against him had been denied, Smith filed a pretrial habeas petition in federal district court, alleging that double jeopardy principles forbade re-initiation of criminal proceedings against him. The magistrate judge assigned to the case recommended that the district court decline to review the habeas petition, first, because the petitioner's motion to dismiss in state court was not overtly based on the federal Double Jeopardy Clause and, second, because the petitioner still retained the right to contest his double jeopardy claim in the pending state court proceedings. The district court adopted this recommendation, invoked the procedure that we approved in *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), and stayed Smith's habeas petition pending the exhaustion of any state court remedies still available to him. In response to the respondent's motion to alter or amend that judgment, however, the district court later dismissed Smith's petition without prejudice and indicated that it could be refiled following exhaustion of state remedies. From that order, Smith now appeals.

The record indicates that the Ohio state courts have recently completed their review of the petitioner's double jeopardy claim. *See State v. Smith*, 858 N.E.2d 818 (Ohio 2006) (*Smith III*) (rejecting appeal from *Smith II* for review). Given the respondent's concession on this point, considerations of judicial efficiency militate against affirmance of the district court's dismissal of Smith's petition, an action that would necessitate a refiling of documents in the district court in order to place before that court the same issues that have already been raised. Instead, simply vacating the district court's order of dismissal and

remanding the matter to that court would allow an expeditious review of the substantive constitutional issue presented.

Moreover, we conclude that consideration of the merits of Smith's double jeopardy claim is warranted. Despite the magistrate judge's conclusion, subsequently adopted by the district court, that the petitioner had not fairly raised the claim in the state trial court, the record establishes that Smith raised a double jeopardy argument in a supplemental motion to dismiss and at a hearing on various motions held prior to the commencement of his second trial. At the pre-trial hearing the petitioner, proceeding *pro se*, informed the state trial judge, "[T]he allegations that I made against the prosecution office is [sic] serious, and basically, it kind of speaks for itself. The grounds that I'm using to argue that motion, your Honor, is double jeopardy, and in the interest of justice." Later, during that same pretrial hearing, Smith stated:

> The grounds that I asked for on double jeopardy grounds, is that when the conduct of the prosecution is intentional and blatant, both courts have looked at that as a bar to retrial under the double jeopardy grounds. They know that. The Ohio Supreme Court has said when you get a mistrial because of prosecutorial misconduct, then you don't have a right to retry, to defend it.

The trial judge clearly understood the nature of the allegation, ruling that "[t]he motion to dismiss because of prosecutorial misconduct is not well-taken . . . [and is] overruled." Moreover, the Ohio Court of Appeals, addressing the issue after the conclusion of the second trial, recognized that the claim was grounded in the Double Jeopardy Clause and further cited a federal court decision, *United States v. Wallach*, 979 F.2d 912 (2d Cir.

1992) (discussing *Oregon v. Kennedy*, 456 U.S. 667 (1982)), for the proposition that "[s]ome courts[, although not Ohio courts,] have found double jeopardy a bar to successive prosecution when reversal after an appeal is based upon prosecutorial misconduct." *Smith II*, 858 N.E.2d at 1249. Regardless of the ultimate merits of the petitioner's claim – a determination that we need not make at this stage of the proceedings – it is clear that Smith has presented his federal constitutional claim to the state courts of Ohio and that those tribunals have concluded their reasoned review of the issue presented.

For the reasons set out above, we VACATE the judgment of the district court and REMAND the case to that court for further proceedings.