*445 CLAY, Circuit Judge.
In 2002, an Ohio jury found Petitioner Garey Smith guilty of murder, attempted murder, and numerous felonious assaults arising out of the shooting of three men and the shooting death of a fourth. Following an Ohio appellate court’s reversal of his convictions based on the denial of Petitioner’s right to self-representation, the case was remanded for a new trial. Petitioner then filed this petition for a writ of habeas corpus, purportedly under 28 U.S.C. § 2254, claiming violations of his rights under the Double Jeopardy Clause. The district court stayed the resolution of the petition until the end of Petitioner’s state court proceedings. After the conclusion of the state court proceedings, the district court denied Petitioner his requested habeas relief. On a motion for reconsideration, however, the district court granted Petitioner a certificate of appeala-bility on his double jeopardy claims. For the reasons that follow, we AFFIRM the district court’s denial of a writ of habeas corpus to Petitioner.
BACKGROUND
Petitioner Garey Smith was indicted on eleven counts stemming from a shooting incident involving four victims that occurred on May 14, 2001. Petitioner was charged with the murder of Jimmie Gordon; attempted murder and two counts of felonious assault as to Jeffrey King; attempted murder and two counts of felonious assault as to Steven Franklin; attempted murder and two counts of felonious assault as to Andre Ridley; and, finally, a weapons charge. The jury found Petitioner guilty on all charges except the attempted murder of King.
Central to one of his claims in this appeal, Petitioner claims prosecutorial misconduct from his first trial. Specifically, the prosecutor elicited testimony from Franklin about his non-use of drugs when the prosecutor knew that Franklin had previously dealt crack cocaine. See State v. Fears, 86 Ohio St.3d 329, 715 N.E.2d 136, 143-46 (1999); State v. Grant, No. C-9710001, 2001 Ohio App. LEXIS 1388, at *7 (Ohio Ct.App. Mar. 23, 2001). Next, the prosecutor elicited testimony that Franklin had been shot from behind when his medical records, to which the prosecutor stipulated, indicated that all of his bullet wounds were on the front of his body. Third, the prosecutor told the jury in his closing argument that Gordon was seventeen years old, but he had previously elicited testimony from a witness that Gordon was twenty-nine at the time of his death. Fourth, the prosecutor told the jury that Petitioner had lied to them and elaborated: “It was one of the biggest bold-faced lies I ever have heard in a courtroom. He looked at you, right in the eye, lied to you and never batted an eye.... ” (R. 126-14, at PID# 3473.) Additionally, the prosecutor claimed that had another bystander, Nick Grant, been present when Petitioner came across Gordon, Franklin, King, and Ridley, Petitioner would have shot Grant as well. Finally, the prosecutor attempted to bait Petitioner into losing his temper.
MR. KRUMPELBECK [ (Prosecutor) ]: ... He gives you not one single reason. Did you hear a reason why he went back over there?
THE DEFENDANT [(Petitioner)]: I lived there.
MR. KRUMPELBECK: On the evening of the fourteenth, did you? Are you mad at me now?
THE DEFENDANT: You said you didn’t hear a reason. I live there.
*446 THE COURT: Mr. Smith, please. Go ahead, Mr. Krumpelbeck.
MR. KRUMPELBECK: I knew that was going to happen. I thought it was going to happen yesterday. I was surprised it didn’t. What I was showing, a little bit of the anger, I was trying to bait him. I knew this would happen. I knew he would respond. He couldn’t keep his mouth shut. That’s what this is all about. He is an uncontrollable rage.
(Id. at 3480-81 (emphasis added).) At no point, however, did Petitioner move for a mistrial because of the prosecutor’s conduct.
During sentencing, the state trial judge merged, pursuant to Ohio Rev.Code § 2941.25(A), Petitioner’s two felonious assault convictions into his attempted murder conviction with respect to Franklin; his two felonious assault convictions with respect to King into each other; and his two felonious assault convictions into his attempted murder conviction with respect to Andre Ridley. Therefore, Petitioner was sentenced on two counts of attempted murder and one count each of murder, felonious assault, and unlawful possession of a weapon, for which he received a total prison term of forty-seven years to life.
Petitioner appealed his convictions to the Ohio Court of Appeals, asserting various bases, including the denial of his right to self-representation and prosecutorial misconduct. In that appeal, however, Petitioner did not challenge the sufficiency of the evidence with respect to any of his convictions. The Ohio Court of Appeals found Petitioner’s self-representation claim meritorious and ordered a new trial on that basis. State v. Smith (Smith I), No. C-020610, 2004 WL 102285, at *7 (Ohio Ct.App. Jan. 23, 2004). However, that court saw fit to comment on Petitioner’s prosecutorial misconduct claim as well:
Although not central to the disposition of this appeal, we feel compelled to comment on Smith’s allegations of prosecu-torial misconduct during closing argument. We agree that the prosecutor’s comments on the veracity of Smith, his admitted attempts to bait Smith into losing his temper, and his comments on facts not in evidence were improper. The prosecutor’s actions under other circumstances may have provided a basis for reversal and the order of a new trial, but given our disposition of the first assignment of error, this issue has been rendered moot.

Id.

On remand, Petitioner was recharged with the ten counts of which he had been found guilty at his first trial. Petitioner filed a motion to dismiss these charges with the second state trial court based, in part, on the prosecutorial misconduct from his first trial; however, he did not argue in that motion that there was insufficient evidence in the first trial. Following a denial of that motion by the second state trial court but prior to the commencement of the second state trial, Petitioner, then proceeding pro se, filed this habeas petition in the United States District Court for the Southern District of Ohio. The petition was styled as seeking relief under 28 U.S.C. § 2254. Proceedings on the petition were stayed pending the termination of the state court proceedings.[1] Petitioner ap *447 pealed that decision to this Court, and we reinstated the case because Petitioner had since exhausted available state-court remedies. Smith v. Jackson, 229 Fed.Appx. 405, 407 (6th Cir.2007) (per curiam).
Following our 2007 Smith decision, the district court reinstated Petitioner’s habeas petition. The petition was referred to a magistrate judge, who recommended denying Petitioner habeas relief. See Smith v. Warden, S. Ohio Corr. Facility, No. 1:04cv579, 2009 WL 6698609 (S.D.Ohio Jan. 5, 2009). As to Petitioner’s misconduct-based double jeopardy claim, the magistrate judge recommended denying it based on the lack of clearly established law. As to his merger-based double jeopardy claim, the magistrate judge recommended finding it moot. The district court agreed with the magistrate judge’s recommendation and denied Petitioner habeas relief. See Smith v. Warden, S. Ohio Corr. Facility, No. 1:04cv579, 2010 WL 451060 (S.D.Ohio Feb. 8, 2010). On reconsideration, however, the district court issued a “certificate of appealability ... with respect to Petitioner’s claim that his retrial on criminal charges after his first conviction was reversed violates the Double Jeopardy Clause.” Smith v. Warden, S. Ohio Corr. Facility, No. 1:04cv579, 2010 WL 2667418, at *3 (S.D.Ohio July 2, 2010).
STANDARD OF REVIEW
It is a familiar rule that this Court liberally construes pro se filings such as Petitioner’s. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir.2011). Despite the fact that Petitioner filed his petition under 28 U.S.C. § 2254, “a petitioner cannot forfeit or waive the standards that apply to habeas petitions.” Phillips v. Court of Common Pleas, 668 F.3d 804, 809 n. 1 (6th Cir.2012); see also Fisher v. Rose, 757 F.2d 789, 792 n. 2 (6th Cir.1985) (recognizing our ability to construe a pretrial habeas petition filed under § 2254 as being brought under § 2241). Therefore, because his petition was filed before his second trial and attacked his pretrial detention rather than a state court judgment or conviction, his petition is “properly governed by [28 U.S.C.] § 2241” and subject to de novo review.[2] See Phillips, 668 F.3d at 810 n. 3 (6th Cir.2012).
*448 DISCUSSION
The Fifth Amendment’s Double Jeopardy Clause, incorporated against the states in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), “affords a defendant three basic protections: [i]t protects against a second prosecution for the same offense after acquittal[; i]t protects against a second prosecution for the same offense after conviction[; a]nd it protects against multiple punishments for the same offense.” Ohio v. Johnson, 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) (internal quotation marks omitted). It does not, however, “offer a guarantee to the defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding.” Oregon v. Kennedy, 456 U.S. 667, 672, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Petitioner asserts two bases for his double jeopardy claim: (1) the prosecutorial misconduct in his first trial; and (2) the merger under Ohio law of his felonious assault convictions for his first sentencing and subsequent unmerging for his second trial.
I. Prosecutorial Misconduct Double Jeopardy Claim
The Supreme Court has held that the Double Jeopardy Clause generally “does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction.” Lockhart v. Nelson, 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). Double jeopardy does, however, generally bar re-prosecution “[wjhere the trial is terminated over the objection of the defendant,” except if the government can meet the manifest necessity standard (e.g., in the case of a hung jury). Kennedy, 456 U.S. at 672, 102 S.Ct. 2083. Conversely, when “a mistrial [is] declared at the behest of the defendant,” there is also generally no bar to re-prosecution. Id. In Kennedy though, the Court recognized that double jeopardy will bar re-prosecution even if a defendant successfully moves for a mistrial “[ojnly where the governmental conduct ... [was] intended to ‘goad’ the defendant into moving for a mistrial.” Id. at 676, 102 S.Ct. 2083.
Petitioner urges us to expand Kennedy beyond the mistrial context to situations “where the misconduct of the prosecutor is undertaken, not simply to prevent an acquittal, but to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his misconduct.” United States v. Wallach, 979 F.2d 912, 916 (2d Cir.1992). We need not, however, explore the outer bounds of double jeopardy’s protections to resolve Petitioner’s claim. The situation that both Kennedy and Petitioner’s proposed rule seeks to obviate is where the prosecutor “anticipates an acquittal[, but t]o stave off the acquittal and thus be able to retry the defendant, the prosecutor commits an error” that forces a retrial. United States v. Cotton, 130 F.3d 805, 806 (7th Cir.1997). Such action could allow a prosecutor to *449 “try a defendant over and over again ... until finally he had enough evidence to have a good shot at a conviction.” Id. at 806. Therefore, the only relevant intent to the double jeopardy inquiry is the prosecutor’s “intent to terminate the trial, not intent to [secure a conviction] at this trial by impermissible means.” United States v. Oseni, 996 F.2d 186, 188 (7th Cir.1993); see also Sanborn v. Parker, 629 F.3d 554, 580-81 (6th Cir.2010); cf. United States v. Thomas, 728 F.2d 313, 318 (6th Cir.1984) (“[P]rosecutorial behavior will bar a second trial only where such behavior was ‘intentionally’ calculated to cause or invite mistrial.”), abrogated on other grounds by United States v. Carroll, 26 F.3d 1380 (6th Cir.1994).
Petitioner’s best evidence of this requisite intent is the prosecutor’s statement that he was “trying to bait” Petitioner into interrupting his closing argument. However, the prosecutor goes on to say, “I knew this would happen. I knew he would respond. He couldn’t keep his mouth shut. That’s what this is all about. He is an uncontrollable rage.” Taken together, these statements show that the prosecutor was trying to goad Petitioner into responding in order to demonstrate to the jury Petitioner’s problem in controlling his anger, which the prosecutor presumably thought would make it more likely that they would find Petitioner guilty. This is the type of intent that is irrelevant for double jeopardy purposes, see Oseni 996 F.2d at 188, because the prosecutor is not attempting to vitiate “the defendant’s valued right to complete his trial before the first jury,” Kennedy, 456 U.S. at 673, 102 S.Ct. 2083. This conclusion that the prosecutor was simply trying to secure a conviction is bolstered by the other examples of prosecutorial misconduct that Petitioner relies on, as all of them seem to be attempts to secure a conviction, not to induce a need for retrial. Therefore, because Petitioner cannot demonstrate that the prosecutor acted with the requisite intent so as to implicate double jeopardy’s bar against multiple prosecutions, see Oseni, 996 F.2d at 188, we conclude that habeas relief is not proper on this basis.
II. Ohio Merger Double Jeopardy Claim
Petitioner’s second basis is more specific than his first. It relates only to the felonious assault counts that were merged into more serious offenses, such as attempted murder, for the purpose of sentencing after his first trial. This claim implicates Ohio’s merger doctrine. Specifically, under Rule 32(C) of the Ohio Rules of Criminal Procedure, only “convictions” can be appealed. See State v. Baker, 119 Ohio St.3d 197, 893 N.E.2d 163, 166 (2008). Ohio defines a “conviction” as “consisting] of [a] verdict and sentence.” State v. McGuire, 80 Ohio St.3d 390, 686 N.E.2d 1112, 1120 (1997). Therefore, when verdicts of allied offenses are merged for sentencing, see Ohio Rev.Code § 2941.25, a defendant may seek reversal of only the count on which he was sentenced because he technically does not have a conviction on the merged counts (i.e., the counts on which he did not receive a sentence). See, e.g., State v. Williams, 197 Ohio App.3d 505, 968 N.E.2d 27, 33 (2011). Petitioner now claims that there was insufficient evidence on his merged felonious assault counts and that his double jeopardy rights were violated when he was retried on those counts at his second trial. See Burks v. United States, 437 U.S. 1, 18, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (“[T]he Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient.”)
Claims pursued in federal habeas must first be exhausted in state court. *450 Phillips, 668 F.3d at 810 & n. 4. “[Exhaustion requires that the same claim under the same theory be presented to the state courts before raising it in a federal habeas petition.” Wagner v. Smith, 581 F.3d 410, 417 (6th Cir.2009). Petitioner concedes that he failed to present this insufficiency claim in his first state appeal. However, he contends that because he did not receive an appealable conviction on the merged felonious assault counts, he was barred from raising such a claim. Thus, Petitioner essentially argues that raising this claim would have been futile, which operates as an exception to the exhaustion requirement. See Turner v. Bagley, 401 F.3d 718, 724 (6th Cir.2005). Therefore, the question becomes whether Petitioner could have raised his insufficiency claims in his first state appeal or, if, as he contends, the Ohio courts would not have had the power to reach arguments about his merged felonious assault counts and exhaustion should be excused as futile.
Despite the initial persuasiveness of Petitioner’s futility argument, Ohio caselaw undermines his argument. First, as a general matter, Ohio courts recognize that “when evidence is insufficient to support an offense, such matter cannot be ignored merely because the appellate court is remanding for retrial on other grounds.”[3] State v. Donkers, 170 Ohio App.3d 509, 867 N.E.2d 903, 917-18 (2007); see also State v. Lovejoy, 79 Ohio St.3d 440, 683 N.E.2d 1112, 1119-20 (1997). More germane to Petitioner’s argument is State v. Griffin, 175 Ohio App.3d 325, 886 N.E.2d 921 (2008), a case involving merged counts.
In Griffin, a jury found the defendant guilty of felony murder and voluntary manslaughter. Id. at 923. At sentencing, the trial court merged the defendant’s voluntary manslaughter count into the felony murder count and imposed a sentence only on the felony murder count. Id. Therefore, the defendant only stood convicted on the felony murder count. The defendant appealed the felony murder conviction and secured a reversal of that conviction based on improper jury instructions. Id. at 924-26. In addition to the jury instruction argument, on which he prevailed, the defendant in Griffin also contended that there was insufficient evidence to convict him of either felony murder or voluntary manslaughter. Id. at 927. Because the case was being remanded for retrial, the state appellate court needed to address the defendant’s arguments that there was insufficient evidence as to both his felony murder count as well as his voluntary manslaughter count. Id. Only after finding that sufficient evidence supported the jury’s verdicts as to both offenses did the appellate court remand for a new trial. Id. at 927-28. Griffin provides an example of an Ohio case in which the defendant had merged counts and the state appellate court nonetheless entertained arguments about the insufficiency of the merged count.
Petitioner’s case squares with Griffin. Both Petitioner and Griffin sought reversal on grounds that would not implicate double jeopardy, and both were successful in that respect. Compare Smith I, 2004 WL 102285, at *7, with Griffin, 886 N.E.2d at 924-26. The relevant distinction for present purposes is that while Petitioner failed to raise an insufficiency claim with respect to his merged counts, the defendant in Griffin did. Because the insufficiency claim was raised, the Griffin court ad *451 dressed it. See Griffin, 886 N.E.2d at 927. Unlike the defendant in Griffin, Petitioner did not give the Ohio courts an opportunity to review his insufficiency claim; an opportunity, Griffin shows, that the Ohio courts would have been required to take. See Donkers, 867 N.E.2d at 917-18; see also Griffin, 886 N.E.2d at 927.
Ohio cases, such as Williams, that involve an appellate court’s refusal to consider insufficiency claims with respect to merged counts when affirming the trial court do nothing to detract from Griffin and the general rule that insufficiency claims will be considered if raised. Unlike in Griffin, the court in Williams rejected all of the defendant’s arguments regarding the propriety of his conviction with respect to his “having-a-weapon” conviction. Williams, 968 N.E.2d at 38. After so concluding, it declined to reach the defendant’s insufficiency arguments with respect to his merged stolen property and carrying a concealed weapon counts, which had been merged with the having-a-weapon count for sentencing. Id.
This result does not prove what Petitioner would like it to: that Ohio courts will not entertain arguments about merged counts (which could then potentially excuse his failure to exhaust his insufficiency claims). Double jeopardy is only implicated where there is a possibility of retrial or resentencing. See Johnson, 467 U.S. at 498, 104 S.Ct. 2536. In Ohio, when an appellate court affirms a defendant’s conviction in its entirety, any error with respect to merged counts is rendered “harmless beyond a reasonable doubt,” State v. Powell, 49 Ohio St.3d 255, 552 N.E.2d 191, 200 (1990), superseded by constitutional amendment on other grounds as noted in State v. Smith, 80 Ohio St.3d 89, 684 N.E.2d 668, 683 n. 4 (1997), because the defendant does not stand convicted of those counts and faces no possibility of retrial on those counts. Therefore, because in Williams there were to be no further proceedings, double jeopardy was not implicated, and there was no need to address the defendant’s insufficiency arguments.
In conclusion, Griffin demonstrates that if a defendant raises an insufficiency claim with respect to merged counts and there will be a retrial, Ohio courts will entertain and address such arguments. It was therefore not futile for Petitioner to have presented his insufficiency arguments as to his merged felonious assault counts to the state appellate court in his first appeal. As in Griffin, if Petitioner had raised such arguments, they would have been addressed. Having failed to present such arguments to the Ohio courts, our exhaustion requirement proves fatal to Petitioner’s request for habeas relief. Phillips, 668 F.3d at 810. We therefore conclude that Petitioner was also not entitled to a writ of habeas corpus on this basis because he failed to exhaust these arguments in state court before presenting them to this Court. See Wagner, 581 F.3d at 417.
CONCLUSION
For the reasons stated above, we AFFIRM the district court’s denial of a writ of habeas corpus to Petitioner.

. Briefly, as the subsequent state court proceedings are not central to the current appeal, the second state trial resulted in a hung jury on the murder and remaining two attempted murder counts, but the jury found Petitioner guilty of six counts of felonious assault and the weapons charge. Petitioner appealed this second set of convictions to the Ohio Court of Appeals, which reversed his felonious assault convictions relating to King and remanded *447 the other counts for resentencing. See State v. Smith (Smith II), 168 Ohio App.3d 141, 858 N.E.2d 1222 (2006). On the second remand, Petitioner again filed a motion to dismiss based on double jeopardy, which was denied. The BCing felonious assault counts were dismissed, and Petitioner was resentenced to a total of thirty-six years in prison: eight years for each of the four remaining felonious assault counts, one year on the weapons charge, and three years for the merged attendant firearms specifications, all to run consecutively.
On his third trip to the Ohio Court of Appeals, the court affirmed in part but vacated and remanded the consecutive sentences for the four felonious assault convictions in light of State v. Cabrales, 118 Ohio St.3d 54, 886 N.E.2d 181 (2008). See State v. Smith (Smith II), No. C-070216, 2008 WL 2154770, at *3 (Ohio Ct.App. May 23, 2008). On the third remand, the state court merged the two Franklin felonious assault counts together as
well as the two Ridley felonious assault counts together and sentenced Petitioner to nineteen years in prison: eight years for each set of merged felonious assault counts and three years for the previously merged firearms specifications, all to run consecutively.
In separate proceedings, Ohio moved to retry Petitioner on the murder and attempted murder charges on which the second jury had hung. The trial court dismissed the attempted murder charges, and a third jury eventually acquitted Petitioner of the murder charge.
Additionally, after exhausting his state court appeals, Petitioner filed another habeas petition challenging his convictions and sentences from the third remand. The district court denied that petition, and we affirmed. See Smith v. Coleman, 453 Fed.Appx. 625 (6th Cir.2011).

. Respondent’s argument that this petition should be reviewed under AEDPA's deferential standard because even though it was filed *448 prior to a state court judgment, it was not considered until after a judgment had been rendered, is unavailing. What determines our standard of review is the nature of the claims raised and "the time [the petitioner] filed his petition,” Stow v. Murashige, 389 F.3d 880, 885 (9th Cir.2004) (alteration omitted), not the "present status of the case pending against him,” Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.1987); see also Jacobs v. McCaughtry, 251 F.3d 596, 597 (7th Cir.2001) (per curiam) (holding that § 2241 was the proper statute for the petitioner's pretrial double jeopardy challenge). But see Jackson v. Coalter, 337 F.3d 74 (1st Cir.2003). Any other rule would be unworkable. Given the long delays in the habeas process, of which this case is but one example, a different rule would see many § 2241 petitions converted to petitions under § 2254.

. This approach accords with our "practice of reaching the sufficiency claim in situations where defendants have alleged both that the evidence against them was insufficient and that their trials were infected with procedural errors.” Patterson v. Haskins, 470 F.3d 645, 652 (6th Cir.2006).