NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0720n.06

Case No. 13-2362

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 15, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ALEXANDER ACEVAL, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DUNCAN MACLAREN, | ) | MICHIGAN |
| | ) | |
| Respondent-Appellant. | ) | |

**AMENDED OPINION**

BEFORE: SUTTON and COOK, Circuit Judges; MARBLEY, District Judge[*]

COOK, Circuit Judge.  The State of Michigan appeals the district court's unconditional grant of the habeas corpus writ to Alexander Aceval on his choice-of-counsel and double jeopardy claims.  Because the Michigan Court of Appeals's rejection of these claims rested on a reasonable application of Supreme Court precedent, we reverse.

I.

In 2005, Michigan indicted Aceval for possession with intent to deliver 1,000 or more grams of cocaine.  *People v. Aceval*, 764 N.W.2d 289, 289 (Mich. Ct. App. 2009).  At trial, the

_____

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

prosecutor and judge knowingly allowed witnesses to lie in an effort to conceal the identity of a confidential informant involved in Aceval's arrest. *Id.* at 289-90. Neither the defendant nor the jury learned of this misconduct, and the trial ended when the court declared a mistrial because the jury could not reach a verdict. *Id.*

Attorney Warren Harris filed an appearance to represent Aceval for retrial. *Id.* at 290. At Aceval's behest, attorney David Moffitt also filed a "limited appearance solely for purposes of filing certain motions." *Id.* Then, before the start of the retrial, Aceval discovered the misconduct at his first trial and successfully moved for the judge's disqualification.[1] *Id.*

Twelve days before the retrial in front of the new judge, Harris moved to withdraw, asserting that his attorney-client relationship with Aceval had soured due to Moffitt's involvement. *Id.* Rather than grant Harris's motion, the trial court disallowed Moffitt's appearance on the ground that Moffitt filed only a "limited appearance" and the court could not "deal with lawyers who aren't in the case all the way." *Id.* The court continued, "there's no way in the world I'm going to let you have a new trial lawyer come in here and mess up." *Id.* The trial was set for a "particular date, and it[] [was] going to go to trial on that date." *Id.* Harris continued as counsel, and Aceval eventually pleaded guilty. *Id.*

Aceval filed a delayed application for leave to appeal to the Michigan Court of Appeals, arguing, inter alia, that the trial court denied him his right to choice of counsel. His application also maintained that the prosecutor's misconduct from the first trial barred retrial under the Double Jeopardy and Due Process Clauses. The court denied leave, finding Aceval's claims

---

[1] In the wake of the mistrial, the prosecutor pleaded guilty to misconduct in office, received a six-month sentence, and lost her law license. The trial judge was reprimanded by the Michigan Judicial Tenure Commission. And two involved police officers pleaded guilty to neglect of duty, receiving 90–day jail sentences.

without merit. Michigan's Supreme Court, however, remanded to the court of appeals for reconsideration of Aceval's choice-of-counsel and due process claims. *Aceval*, 764 N.W.2d at 288.

That court then decided that the trial court had not denied Aceval his choice of counsel, but only a "second 'limited-attorney.'" *Id.* at 291. And, according to the appeals court, the demands of the trial court's calendar outweighed Aceval's right to Moffitt's additional representation. *Id.* at 292. With respect to the misconduct during the first trial, the court determined that the new untainted trial sufficed to remedy that issue and that "the prohibition against double jeopardy did not prevent" retrial. *Id.* at 294 & n.6. The Michigan Supreme Court denied Aceval's application for leave to appeal that judgment. *People v. Aceval*, 790 N.W.2d 698 (Mich. 2010).

On federal habeas review, the district court concluded that the Michigan Court of Appeals unreasonably applied *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), in upholding the denial of Aceval's choice to have Moffitt's assistance as counsel. The district court also determined that the state court's decision contravened *United States v. Dinitz*, 424 U.S. 600 (1976), in that the misconduct at the first trial barred further prosecution under the Double Jeopardy Clause.[2] The State appeals.

II.

We review the district court's legal conclusions de novo and its factual findings for clear error, *Davis v. Lafler*, 658 F.3d 525, 530 (6th Cir. 2011), applying the familiar Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") deferential standard, 28 U.S.C. § 2254(d).

---

[2]The district court never addressed Aceval's due process claim.

The State first argues that the district court expanded *Gonzalez-Lopez*'s general rule that the accused has the right to "the counsel he believes to be best." 548 U.S. at 146. As we recently held, "there is no Supreme Court precedent—including *Gonzalez–Lopez*—that squarely addresses the scope of the right to counsel of choice in the multiple-counsel context." *Abby v. Howe*, 742 F.3d 221, 227 (6th Cir. 2014). Because no "clearly established Federal law" entitles a defendant to a second, "limited" attorney responsible for only discrete aspects of the representation, Aceval cannot show an unreasonable application of Supreme Court precedent. *Cf. id.* ("The important point for purposes of resolving this case is that the Supreme Court has not held that a defendant's right to counsel of choice necessarily is violated when his secondary retained counsel has a scheduling conflict precluding his or her attendance at trial.").

As for Aceval's double jeopardy claim, the State asserts that the district court erred in finding the Michigan Court of Appeals's decision "contrary to . . . clearly established Federal law." *See* 28 U.S.C. § 2254(d). Aceval counters that the state court of appeals never addressed his double jeopardy claim on the merits and thus AEDPA should not restrain our review. But in its initial order denying Aceval's delayed application for leave to appeal, the state court rejected the double jeopardy claim "for lack of merit in the grounds presented." *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (holding AEDPA deference presumptively applies to state court summary orders denying a claim). Then, after the Michigan Supreme Court remanded, the appeals court held that "the prohibition against double jeopardy did not prevent retrial." *Aceval*, 764 N.W.2d at 294 n.6. Thus, AEDPA's deferential review applies.

Turning to the merits, the State contends that the Michigan Court of Appeals's decision was not "contrary to" *Dinitz*. We agree. That case holds that "[t]he Double Jeopardy Clause

- 4 -

. . . protect[s] a defendant against governmental actions intended to provoke mistrial requests." 424 U.S. at 611; *see also Oregon v. Kennedy*, 456 U.S. 667, 675-76 (1982) (clarifying that *Dinitz* bars retrial only if the prosecution "intended to 'goad' the defendant into moving for a mistrial"). Here, no party contends that the prosecutor sought to provoke a mistrial motion when she concealed the confidential informant's identity. And, Aceval offers no Supreme Court case— and we know of none—that would bar retrial on double jeopardy grounds when the prosecutorial misconduct in the first trial aimed only to secure a conviction. *See Smith v. Coleman*, 521 F. App'x 444, 449 (6th Cir. 2013) (finding misconduct motivated only by desire to convict "irrelevant for double jeopardy purposes"); *see also United States v. Oseni*, 996 F.2d 186, 188 (7th Cir. 1993) ("[U]nless [the prosecutor] is trying to abort the trial, his misconduct will not bar a retrial."). Thus, Aceval's double jeopardy claim cannot satisfy AEDPA's deferential standard for determining what claims warrant habeas relief.

Last, Aceval apparently seeks habeas relief on a new ground, asserting an "unreasonable interpretation of the facts" in the state appellate court's conclusion that "any impeachment would have been useless" because the perjured "testimony did not implicate" Aceval. But as the State notes, the Michigan Court of Appeals never grounded its decision on this reasoning; it appears only in the non-controlling concurrence. *See Aceval*, 764 N.W.2d at 303 (Murphy, J., concurring).

## III.

We REVERSE the district court's grant of habeas relief and REMAND for consideration of unresolved claims.