NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0664n.06

Case No. 15-1829

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Dec 13, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ALEXANDER ACEVAL, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DUNCAN MACLAREN, | ) | MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: SUTTON and COOK, Circuit Judges; MARBLEY, District Judge.[*]

PER CURIAM. We previously remanded Alexander Aceval's habeas petition to the district court so that it could determine whether he had a valid due process claim. Because no clearly established federal law supports that claim, we affirm the district court's denial of it.

During Aceval's first trial, "the prosecutor and judge knowingly allowed witnesses to lie in an effort to conceal the identity of a confidential informant involved in Aceval's arrest. Neither the defendant nor the jury learned of this misconduct, and the trial ended when the court declared a mistrial because the jury could not reach a verdict." *Aceval v. MacLaren*, 578 F. App'x 480, 481 (6th Cir. 2014). After the mistrial, the misconduct came to light, and Michigan

---

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

scheduled a new trial in front of a different judge. Before that retrial, Aceval pleaded guilty. He now claims that retrying him after the flawed first trial violates the Due Process Clause.

The Michigan Court of Appeals rejected this claim on direct review. It held that, although the trial court and prosecutor denied Aceval due process in the first trial, a new fair trial was "the appropriate remedy." *People v. Aceval*, 764 N.W.2d 285, 294 (Mich. Ct. App. 2009).

We may not grant Aceval's federal habeas petition unless the Michigan Court of Appeals' decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The problem for Aceval is that his claim is a novel one. No Supreme Court precedent prevented Michigan from retrying Aceval after his mistrial. To the contrary: The Court has long held that a mistrial based on a hung jury "constitutes no bar to further proceedings, and gives no right of exemption to the prisoner from being again put upon trial." *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580 (1824). For these reasons, the Double Jeopardy Clause does not bar retrial in such circumstances. *See Renico v. Lett*, 559 U.S. 766, 773 (2010); *Aceval*, 578 F. App'x at 483. There is no reason to think that the Due Process Clause works differently, and at all events there is no Supreme Court decision that says otherwise.

The Michigan Court of Appeals' decision, it follows, was not contrary to or an unreasonable application of federal law as determined by the Supreme Court. *See Renico*, 559 U.S. at 772–73. Confirming the point is the reality that the only Supreme Court decision that Aceval invokes in support of his position is Justice Brandeis's dissent in *Olmstead v. United States*, 277 U.S. 438 (1928). Unfortunately for Aceval, Justice Brandeis's exhortation that the judiciary "should resolutely set its face" against government malfeasance, while correct,

addresses the Fourth Amendment. *Id.* at 485 (Brandeis, J., dissenting). It thus does not amount to a clearly established due process precedent that bars retrial following an unrelated mistrial for a hung jury, *see Aceval*, 578 F. App'x at 483, even after his dissent was accepted by a majority of the Court, *see Katz v. United States*, 389 U.S. 347, 352–53 (1967).

For these reasons, we must affirm the district court's denial of Aceval's habeas petition and deny Aceval and MacLaren's motions as moot.