DECISION
{¶ 1} Appellant, Jane Doe, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, that denied her petition, filed pursuant to R.C. 2151.85, to obtain an abortion without parental notification and sets forth the following assignments of error:
I. The trial court erred by not finding that Appellant presented clear and convincing evidence that Appellant is sufficiently mature and well enough informed to intelligently decide to have an abortion without parental notification pursuant to R.C. 2151.85.
II. The trial court erred by not finding that Appellant presented clear and convincing evidence that notification of Appellant's parents, guardian or custodian regarding Appellant's desire to have an abortion is not in her best interest pursuant to 2151.85
 {¶ 2} Appellant's assignments of error are related and will be addressed together.
 {¶ 3} On December 1, 2003, appellant filed a petition with the juvenile court requesting judicial consent for an abortion. In support of her petition, appellant stated she was 17 years of age, unmarried, unemancipated and of sound mind and sufficient intellectual capacity to consent to an abortion and that the court should find an abortion, without parental notification, to be in her best interest.
 {¶ 4} At the hearing held the same day, appellant testified she is a senior in high school, participates in extra-curricular activities at school and at church, and has a partial scholarship and book scholarship for college beginning in the fall of 2004. Appellant also testified that she has occasional part-time jobs doing hair and babysitting, and puts ten percent of her earnings into a savings account, and donates ten percent of her earnings to church. Appellant lives at home with both of her parents. Appellant has dated the father of the child for approximately one year. Neither appellant nor her boyfriend are in an economic position to support a child or to accept responsibility for raising a child. Appellant's boyfriend has agreed to abide by her decision as to whether to obtain an abortion. While dating her boyfriend, appellant was using condoms and has received medical counseling, and will be using birth control pills in the future. Appellant obtained counseling regarding the potential side effects of an abortion and has made arrangements with an older cousin to seek emergency medical care should the need arise. Appellant testified that she did not consider adoption as an alternative because it would be too hard for her. Appellant will be 18 in January 2004, and is 12 weeks pregnant.
 {¶ 5} During questioning by the court, appellant testified she had attended church with her parents all her life and their church does not support abortion. Appellant's parents, in particular, have expressed their disapproval of abortion, although appellant admitted she has not discussed abortion with her parents in relation to her. Appellant does not believe abortion is wrong. Appellant's older sister had a baby at a young age, and her parents and older sister now have a good relationship. Contrary to the arguments in appellant's brief, there was no evidence presented at the hearing to support her contention that appellant's parents informed her that, if she became pregnant, abortion was not an option. Appellant also concedes that she had not considered the impact on her of having an abortion in the context of her parents' and church's belief that abortion is wrong. Appellant stated that her mother is aware that she is sexually active, but appellant does not want them to know she has "repeated her sister's mistakes." Appellant testified that she does not want to discuss her pregnancy with her parents, as she does not want to disappoint or embarrass them; that they would be unhappy about the pregnancy, but more hurt knowing she wanted to have an abortion. Appellant testified her parents support her financially and that she has a good relationship with them.
 {¶ 6} In denying the petition, the trial court found it was not in appellant's best interest to have an abortion without informing her parents, and that she had failed to present clear and convincing evidence that she was sufficiently mature to make the decision to have an abortion without parental notification. The court found that appellant had never been required to support herself; that she had a good relationship with her parents; that, despite her older sister's pregnancy, they continued to have a good relationship with her; and that appellant's wish not to disappoint her parents was not sufficient reason for the court to grant her permission to have an abortion without their knowledge.
 {¶ 7} In In re Complaint of Jane Doe (1993), 83 Ohio App.3d 98,100, this court stated:
Pursuant to R.C. 2151.85(C), a complainant must establish one or more of the allegations set forth in division (A)(4)(a) or (B) by clear and convincing evidence. The juvenile court is vested with a certain amount of discretion in determining whether the minor is sufficiently mature to make the decision to terminate a pregnancy without parental notification, and/or whether parental notification of the minor's desire to obtain an abortion would be in her best interest. On appeal before this court, the standard of review is whether the trial court abused its discretion in finding that appellant did not prove either R.C.2151.85(A)(4)(a) or (b) by clear and convincing evidence.
An abuse of discretion connote more than just an error of law. It exists where the court's attitude, evidenced by its decision, was unreasonable, arbitrary or unconscionable. * * *
When applying the abuse-of-discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court.Berk v. Matthews (1990), 53 Ohio St.3d 161 * * *.
 {¶ 8} Upon a review of the evidence in this matter, we find little to distinguish this case from our earlier decision in Jane Doe. Appellant has maintained fairly good grades in school, has made plans for her future education, has obtained at least a partial scholarship to support her future educational plans, admits that she is not in a position to assume responsibility for a child, and has obtained medical counseling to prevent future pregnancies and that she is aware of the medical consequences of her choice to have an abortion. We find to be of particular significance the fact that appellant will be 18 and would have been able to have an abortion without notifying her parents within the next month.
 {¶ 9} Therefore, appellant's assignments of error are sustained, and the judgment of the trial court is reversed and judgment is entered for Jane Doe without the necessity of a remand to the trial court.
Judgment reversed.
PETREE, P.J., and SADLER, J., concur.