DECISION *Page 2 
{¶ 1} Defendant-appellant Nathaniel Jones was adjudicated delinquent for possession of cocaine following a trial before a juvenile court magistrate. Jones received a suspended sentence to the Ohio Department of Youth Services and was continued on probation. The magistrate's decision was adopted by the trial court. Jones now appeals, arguing in his sole assignment of error that his adjudication was not supported by sufficient evidence.
 {¶ 2} The evidence presented at trial demonstrated that Jones was the passenger in a van driven by Roger Dickey. Cincinnati Police Officer Bryan Scott testified that he had stopped Dickey after observing him drive into a curb and nearly strike a telephone pole. Dickey and an adult female were seated in the front row of the van. The middle bench was empty, and Jones was seated in the third row. Cincinnati Police Officer Kevin Kroger testified that he had searched the van and found a small bag of crack cocaine in an armrest on the right passenger seat in the third row of the van, near where Jones had been seated. Jones testified that he had never opened the compartment where the crack cocaine was found, and that he had never placed anything inside that compartment. According to Jones, Dickey had been taking him to a fast-food restaurant and had taken a lengthy detour, during which time Jones had climbed into the third row of the van and fallen asleep. Officer Kroger testified that Jones had told him that somebody must have placed the drugs in the compartment when he had been sleeping.
 {¶ 3} Jones was adjudicated delinquent for violating R.C. 2925.11, which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Possession is defined by R.C. 2925.01(K) as "[having] control over a *Page 3 
thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession may be actual or constructive.[1] Constructive possession occurs when "an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession."[2] The individual must be "conscious of the presence of the object."[3]
 {¶ 4} In this case, Jones was the only person in the third row of the van, and the only person within arm's reach of the cocaine. Jones had been seated in such proximity to the cocaine that he could easily have rested his arm on the compartment in which it was found, and he could have easily placed the cocaine in the compartment. Moreover, the magistrate was in the best position to judge the credibility of the witnesses and was entitled to reject Jones' testimony that he had been unaware of the cocaine.
 {¶ 5} Following our review of the record, we conclude that Jones had constructive possession of the crack cocaine and that his adjudication was supported by sufficient evidence.[4] Jones' assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
HILDEBRANDT, J. concurs.
PAINTER, P.J., dissents.
[1] See State v. Thomas, 1st Dist. No. C-020282, 2003-Ohio-1185, ¶ 9.
[2] Id.
[3] State v. Hankerson (1982), 70 Ohio St.2d 87, 91,434 N.E.2d 1362.
[4] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.