The STATE of Ohio, Appellee,

v.

MITCHELL, Appellant.

[Cite as *State v. Mitchell*, 190 Ohio App.3d 676, 2010-Ohio-5430.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–100242.

Decided Nov. 10, 2010.

John P. Curp, Cincinnati City Solicitor, Ernest F. McAdams, City Prosecuting Attorney, and Jacqueline A. Stachowiak, Assistant Prosecuting Attorney, for appellee.

Jon R. Sinclair, for appellant.

WILLIAM L. MALLORY JR., Judge.

{¶ 1} Following a bench trial, defendant-appellant Larry Mitchell was found guilty of marijuana possession as prohibited by Cincinnati Municipal Code 910–23. Mitchell appeals his conviction, contending that it was against the weight and sufficiency of the evidence. Mitchell asserts that the state failed to prove that the marijuana was his or that he had knowledge of its presence in a vehicle occupied by him. We reverse.

{¶ 2} On an evening in October 2009, the vehicle Mitchell was travelling in was stopped. A police officer saw the vehicle coming from the opposite direction and noted that its headlights were not on. When the officer initiated the stop and approached the vehicle, he observed two males sitting in the front seats and Mitchell sitting in the rear seat behind the front passenger. As the officer got closer to the vehicle, the front passenger exited from the vehicle, discarded a firearm, and ran. The car was searched, and marijuana was discovered in the seat pocket on the back of the front passenger seat, inches from where Mitchell had been sitting. Mitchell was asked whether the marijuana was his, and he replied that it did not belong to him, that he did not smoke, and that it must have been there before he occupied the vehicle.

{¶ 3} The other occupants were not questioned about the marijuana, and the officer testified that because the vehicle had tinted windows, he could not observe

any of Mitchell's movements while executing the stop. There was no testimony about whether there had been an odor of marijuana, but the officer did state that the marijuana had made a "noticeable size[d] lump" in the seat pocket. The officer also testified, based on his training, that the marijuana was "fresh" because it was not in a sealable bag and because if it had been there for a long period of time, it would have looked older and started to dry out.

{¶4} When reviewing the sufficiency of the evidence to support a criminal conviction, we must examine the evidence admitted at trial in the light most favorable to the state. We must then determine whether that evidence could have convinced a rational trier of fact that the essential elements of the crime had been proved beyond a reasonable doubt.[1] On the other hand, a review of the weight of the evidence puts the appellate court in the role of a "thirteenth juror."[2] We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice in finding the defendant guilty.[3] A new trial should be granted only in exceptional cases when the evidence weighs heavily against the conviction.[4]

{¶5} Cincinnati Municipal Code 910–23 prohibits any person from knowingly obtaining, possessing, or using marijuana in an amount less than 200 grams. Though Mitchell was charged under the Cincinnati Municipal Code, the Ohio Revised Code's definition of possession is instructive. Possession occurs when an individual has "control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."[5] We have held that possession may be actual or constructive.[6] It is obvious in this case that Mitchell did not actually possess the marijuana, so we must determine whether he constructively possessed it. Constructive possession occurs when "an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession."[7] Proximity to an object

---

1. See *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

2. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541.

3. Id., citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.

4. Id.

5. R.C. 2925.01(K).

6. *State v. Thomas,* 1st Dist. No. C–020282, 2003-Ohio-1185, 2003 WL 1093938.

7. Id.

alone does not constitute constructive possession; it must also be shown that the individual was "conscious of the presence of the object."[8]

{¶ 6} Our review of the evidence and the law leads us to conclude that Mitchell did not constructively possess the marijuana in this case. There was no evidence connecting Mitchell to the marijuana other than his proximity to it, and the arresting officer testified that he could not see what was happening in the back seat because the windows were tinted. Consequently, the officer could not have observed any furtive movement that might have indicated that Mitchell had knowledge of the marijuana's existence. We are convinced that the arresting officer's testimony that the marijuana was fresh was not probative of whether Mitchell was aware of its existence. We also note that Mitchell was not the only passenger with access to the front passenger seat's pocket; in fact, the seat pocket was accessible and close to each occupant of the vehicle.

{¶ 7} In sum, because the state failed as a matter of law to show that Mitchell constructively possessed the marijuana, his conviction is reversed, and he is discharged from further prosecution in this case.

Judgment reversed
and appellant discharged.

CUNNINGHAM, P.J., and HENDON, J., concur.

---

8. *State v. Hankerson* (1982), 70 Ohio St.2d 87, 24 O.O.3d 155, 434 N.E.2d 1362.