[Cite as *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | APPEAL NO. C-110097 |
| Appellee, | : | TRIAL NO. B-1006414 |
| v. | : | *O P I N I O N.* |
| WILLIAMS, | : | |
| Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  December 9, 2011

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Christine Y. Jones, for appellant.

**CUNNINGHAM, Judge.**

**{¶ 1}** Following a bench trial, defendant-appellant, Damonta L. Williams, appeals from the conviction and sentence imposed for having a weapon under disability. A police officer searching a vehicle in which Williams had been a passenger found a loaded handgun on the floor of the rear seat that Williams had occupied. In four assignments of error, Williams argues that the state employed constitutionally defective prior convictions to demonstrate that he was under a disability and challenges the weight and sufficiency of the evidence adduced to establish that he had constructively possessed the handgun. He also asserts, in a single assignment of error, that the sentence imposed was excessive. We find none of the assignments to be meritorious and thus affirm the trial court's judgment.

## I.    A Gun on the Car Floor

**{¶ 2}** On the evening of September 19, 2010, Ashleigh Schnetzer, the owner of a navy blue, four-door Monte Carlo automobile, picked up her friend, Stephanie Stinespring, and her three-year-old daughter. Stinespring buckled her daughter into a child seat located on the rear passenger's-side seat. While in Finneytown, Schnetzer asked Williams to accompany the three to meet Stinespring's boyfriend in Cleves. Williams sat in the rear driver's-side seat.

**{¶ 3}** Officer Matt Pies of the Cleves police department observed Schnetzer's Monte Carlo stop near a gas station. Several persons were standing near the vehicle. While the individuals continued to talk, Schnetzer parked her vehicle in the gas-station parking lot. Suspecting that a drug sale was occurring, Officer Pies approached. When he reached the vehicle, the adult occupants had already gotten out. Officer Pies asked Schnetzer for permission to search the vehicle, and she gave her consent. The officer quickly discovered a loaded 9-mm Hi Point semiautomatic pistol on the floor of the rear

driver's-side seat that Williams had just vacated. The handgun was found to have been stolen several months before from a Kentucky home.

{¶ 4} Williams was arrested and charged in a three-count indictment with receiving stolen property, carrying a concealed weapon, and having a weapon under a disability. Among other prior convictions, Williams had been twice convicted of misdemeanor marijuana possession. Under R.C. 2923.13(A)(3), the state employed these prior drug convictions to demonstrate that Williams had been under a disability preventing his legal possession of a firearm.

{¶ 5} At the conclusion of the bench trial, the trial court found Williams guilty of all three offenses. The court afforded Williams the protections of the multiple-count statute and imposed a single conviction for having a weapon under disability. The trial court ordered a five-year sentence of imprisonment with credit for time already served. This appeal followed.

## II. Uncounseled Prior Convictions

{¶ 6} Williams raises an initial challenge to the sufficiency of the evidence adduced to support his conviction for having a weapon under disability. He argues that under the rule of *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, his conviction must be reversed because the state attempted to prove the disability element of the offense by recourse to two prior misdemeanor drug convictions that had been obtained without the assistance of counsel. We disagree.

{¶ 7} R.C. 2923.13(A)(3) provides that no person shall knowingly acquire, have, carry, or use a firearm while under disability. When, as here, the existence of a prior conviction elevates the degree of the crime in question, it "transforms the crime itself by increasing its degree" and is an essential element of the offense that must be proved by the

state. *Brooke* at ¶ 8; see also *State v. Allen* (1987), 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (an element elevates the degree of the offense; an enhancement provision increases only the penalty). Because Williams's prior drug convictions were an element of the weapon-under-disability offense, the state bore the burden of proving the existence of one of those convictions beyond a reasonable doubt. *Brooke* at ¶ 8.

{¶ 8} The state argues that it discharged that burden. At all times pertinent to Williams's prosecution, a conviction for misdemeanor drug possession was sufficient to create a disability preventing the legal possession of a firearm. See *State v. Robinson*, 187 Ohio App.3d 253, 2010-Ohio-543, 931 N.E.2d 1110, ¶ 20. We note that, effective September 30, 2011, R.C. 2923.13(A)(3) now requires that a prior drug conviction be a felony offense to qualify as a disability.

{¶ 9} At the beginning of this trial, the parties stipulated that Williams had been twice convicted of misdemeanor drug-possession offenses. See former Cincinnati Municipal Code 910-23. Williams's two prior convictions were memorialized in State's Exhibit 5: certified copies of the "judge's sheets," one for each conviction. See R.C. 2945.75(B)(1). While Williams stipulated to the existence of the prior convictions, he argued before the trial court, as he argues here, that they were constitutionally defective and thus could not have been used to prove a firearm disability. The trial court, at Williams's urging, and relying upon the judge's sheets, took judicial notice that the prior convictions were uncounseled. Nonetheless, the trial court proceeded with the trial and ultimately found that the state had successfully demonstrated the disability element by means of the stipulated misdemeanor drug convictions.

{¶ **10**} A defendant may not ordinarily attack past convictions in a subsequent criminal prosecution. See, e.g., *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. But there is a limited right to attack a prior conviction when the state proposes to use that conviction as an element of a subsequent criminal offense. See *Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, at ¶ 9; see also *State v. Culberson* (2001), 142 Ohio App.3d 656, 660-661, 756 N.E.2d 734. It is the defendant's burden to prove a constitutional defect in a prior conviction by a preponderance of the evidence. See R.C. 2945.75(B)(3). If the defendant cannot discharge this burden, we presume the constitutional regularity of the prior proceeding. See *State v. Thompson,* 121 Ohio St.3d 250, 2009-Ohio-314, 903 N.E.2d 618, ¶ 6.

{¶ **11**} In *Brooke*, the Ohio Supreme Court acknowledged that "[a] conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained without a valid waiver of the right to counsel," is constitutionally defective under the Sixth Amendment. *Brooke* at ¶ 9, citing *State v. Brandon* (1989), 45 Ohio St.3d 85, 86, 543 N.E.2d 501, and *Nichols v. United States* (1994), 511 U.S. 738, 114 S.Ct. 1921. But so long as no imprisonment is imposed in a criminal conviction, the constitutional right to counsel does not obtain. See *Scott v. Illinois* (1979), 440 U.S. 367, 373-374, 99 S.Ct. 1158; see also *Nichols v. United States*, 511 U.S. at 746-747, 114 S.Ct. 1921. Thus, a prior conviction is constitutionally defective when it results in a sentence of incarceration for a defendant who was unrepresented and did not validly waive his right to an attorney. See *Thompson*, syllabus.

{¶ **12**} Here, Williams has failed to carry his burden to prove a constitutional defect by a preponderance of the evidence. Williams was able to establish, by means of

the trial court's judicial notice, only that the prior convictions were obtained without the assistance of counsel. Williams made no showing that he had not validly waived his right to counsel in the prior proceedings.

{¶ 13} Even assuming for purposes of argument that the trial court's judicial notice had subsumed that waiver, we must presume the constitutional regularity of the prior proceedings. Neither of the stipulated judge's sheets reflects the imposition of a sentence of incarceration. The judge's sheet, in the case numbered 08CRB-2944, reflects that the trial court had accepted Williams's guilty plea and had found him guilty. The sentence imposed was a fine of $50 plus costs. In the case numbered 06CRB-12904, also resolved by guilty plea, the only punishment reflected was that the costs of $85 had been remitted. Because the prior convictions did not result in sentences of incarceration for Williams, they were not constitutionally defective. The fifth assignment of error is overruled.

### III. More Than Mere Proximity to the Gun

{¶ 14} In three interrelated assignments of error, Williams challenges the weight and sufficiency of the evidence adduced to support his conviction for having a weapon under disability. See R.C. 2923.13(A)(3). "To 'have' a firearm within the meaning of the weapons-under-a-disability statute, the offender must actually or constructively possess it." *State v. English*, 1st Dist. No. C-080827, 2010-Ohio-1759, ¶ 31; see also *State v. Hankerson* (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus.

{¶ 15} In *State v. Thomas*, 1st Dist. No. C-020282, 2003-Ohio-1185, we summarized that "[c]onstructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession. The person must be 'conscious of the presence of the

6

object.'" Id. at ¶ 9, quoting *State v. Hankerson* (1982), 70 Ohio St.2d 87, 91, 434 N.E.2d 1362. Both dominion and control and whether a person was conscious of the presence of a firearm may be proved by circumstantial evidence. See *State v. Trembly* (2000), 137 Ohio App.3d 134, 141, 738 N.E.2d 93; see also *English*, 2010-Ohio-1759, at ¶ 32.

{¶ 16} In these assignments of error, Williams argues that the state failed to prove that he had constructively possessed the handgun found on the car floor. Relying upon this court's 2010 decision in *State v. Mitchell*, Williams asserts that there was no evidence connecting him to the handgun other than his proximity to it, and that "[p]roximity to an object alone does not constitute constructive possession * * *." 190 Ohio App.3d 676, 2010-Ohio-5430, 943 N.E.2d 1072, ¶ 5.

{¶ 17} Our review of the entire record fails to persuade us that the trial court, acting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. This is not an "exceptional case in which the evidence weighs heavily against the conviction." See *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. The state adduced ample evidence that Williams had constructively possessed the handgun. Our holding in *Mitchell* is readily distinguishable.

{¶ 18} In *Mitchell*, we reversed the marijuana-possession conviction of the accused, a passenger in the back seat of a car stopped by police. The driver and front-seat passenger each fled when their vehicle was stopped and "were not questioned about the marijuana." 190 Ohio App.3d 676, 2010-Ohio-5430, 943 N.E.2d 1072, at ¶ 3. Officers discovered marijuana in the backseat pocket only inches

from Mitchell's seat. Mitchell denied any knowledge of the marijuana. See *id.* at ¶ 2. Noting the absence of other evidence and that others in the vehicle could have had access to the seat pocket, we concluded that the state had failed to prove constructive possession. *Id.* at ¶ 6.

{¶ **19**} As in *State v. Mitchell*, here, the contraband—a loaded handgun—had been found within inches of where the accused had been sitting. Williams admitted sitting in the rear driver's-side seat before exiting the vehicle. As had Mitchell, Williams denied any knowledge of how the contraband came to be located at his feet.

{¶ **20**} But unlike in *State v. Mitchell*, this was not the entirety of the state's evidence. First, the other adult occupants of the vehicle testified at trial. Both denied that the gun was theirs. The driver-owner, Schnetzer, stated that the gun had not been in the vehicle before she had stopped for Williams. Before Schnetzer picked Williams up, the front-seat passenger, Stinespring, had spent two or three minutes in the back of the vehicle strapping her daughter into a car seat. She testified that she had not seen the gun on the floor during those minutes.

{¶ **21**} Yet when the arresting officer looked into the back seat of the car after the group was stopped in Cleves, he spotted the handgun almost immediately. "As soon as I kneeled down [outside the rear driver's-side door]," Officer Pies testified that he "could see the black chunky grip and the back of the slide of [the Hi Point]." The officer did not have to move the seat forward to observe the gun, which was only partially obscured by the driver's seat. The weapon's presence on the floor, barrel facing forward, readily visible from the doorway, indicates that it had been hastily placed on the floor sometime after Stinespring had placed her child in the car seat. See *State v. Berger* (Feb. 19, 1998), 8th Dist. No. 71618.

{¶ 22} Moreover, both Schnetzer and Officer Pies testified that a lip on the car floor beneath the driver's seat would have prevented the driver from sliding the handgun under her seat to its final, exposed position at Williams's feet.

{¶ 23} Thus, the state adduced evidence that the handgun had not been in the car before Williams had joined the other occupants, that Williams had had physical control over the area where the handgun was found, and that the other adult occupants had not had ready access to that area thereafter. While mere presence near a firearm does not establish constructive possession, presence coupled with these facts probative of dominion, control, and consciousness of presence can. See *Thomas*, 2003-Ohio-1185, at ¶ 13; see also *State v. Priest*, 2nd Dist. No. 24225, 2011-Ohio-4694, ¶ 43.

{¶ 24} During the cross-examination of Williams, the state introduced evidence that Williams had been convicted the year before of carrying a concealed weapon, also a 9-mm Hi Point pistol. The trial court stated that it employed that evidence for the purpose of evaluating Williams's credibility and his character for truthfulness. See Evid.R. 609; see also *State v. Post* (1987), 32 Ohio St.3d 380, 384, 513 N.E.2d 754. Because the weight to be given to the evidence in this case and to the credibility of the witnesses was for the trier of fact to determine, the trial court was entitled to believe Schnetzer's, Stinespring's, and Officer Pies's testimony and to reject Williams's contention that the gun was not his and that his feet were too big to have permitted him to place the gun on the car floor. See *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The second assignment of error is overruled.

{¶ 25} When reviewing the legal sufficiency of the evidence to support a criminal conviction, we must examine the evidence admitted at trial in the light most favorable to the prosecution and determine whether the evidence could have convinced

any rational trier of fact that the essential elements of the crime were proven beyond a reasonable doubt. See *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 36; see also *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781. In deciding whether the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of the witnesses, as both are functions reserved for the trier of fact. See *State v. Willard* (2001), 144 Ohio App.3d 767, 777-778, 761 N.E.2d 688; see also *State v. Campbell*, 1st Dist. No. C-100427, 2011-Ohio-3458.

**{¶ 26}** Here, the record reflects substantial, credible evidence from which the trier of fact could have reasonably concluded that all elements of the charged crime had been proved beyond a reasonable doubt, including that Williams had constructively possessed the handgun. See *Thomas*, 2003-Ohio-1185, at ¶ 13; see also *Conway* at ¶ 36. The first assignment of error is overruled.

**{¶ 27}** Moreover, the trial court also could have properly denied Williams' motion for judgment of acquittal, as reasonable minds could have reached different conclusions as to whether each element of the crime charged had been proved beyond a reasonable doubt. See Crim.R. 29; see also *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 381 N.E.2d 184. The third assignment of error is overruled.

**{¶ 28}** We note that in these three assignments of error, Williams also argues that the trial court erred in finding him guilty of receiving stolen property and carrying a concealed weapon. Although it entered findings of guilt as to each offense, the trial court did not impose a sentence for them. Thus, it has not entered a judgment of conviction as to these offenses. See Crim.R. 32(C); see also *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12 ("a 'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty"). Although the resolution of the possession

issue is factually germane to each of the three offenses, we possess the authority to affirm, reverse, or modify only the trial court's judgment of conviction entered on the having-a-weapon offense. See *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus.

### IV.    *The Sentence Was Not Excessive*

{¶ **29**}  Finally, Williams argues that the trial court erred in imposing an excessive sentence. After affording Williams the protections of the multiple-count statute and not imposing sentences for the receiving-stolen-property and the carrying-a-concealed-weapon offenses, the trial court imposed a single, five-year sentence of imprisonment for the weapon-under-disability offense. The sentence imposed was not contrary to law. See *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14. It was within the statutory range specified for a third-degree felony under R.C. 2929.14(A)(3). In light of the seriousness of the offense, Williams's criminal record, and the fact that Williams had been on community control for a previous carrying-a-concealed-weapon conviction when Officer Pies apprehended him, we cannot say that the trial court abused its discretion in imposing sentence. See *Kalish* at ¶ 17. The fourth assignment of error is overruled.

{¶ **30**}  Therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

**SUNDERMANN, P.J.,** and **FISCHER, J.,** concur.