[Cite as *State v. Rollison*, 2021-Ohio-1556.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

 PLAINTIFF-APPELLEE,      CASE NO. 9-20-41

 v.

RYAN ROLLISON,        O P I N I O N

 DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 19-CR-252

Judgment Affirmed

Date of Decision: May 3, 2021

APPEARANCES:

 *W. Joseph Edwards* for Appellant

 *Nathan R. Heiser* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Ryan Rollison ("Rollison"), appeals the September 1, 2020 judgment entry of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} The unfortunate circumstances of this case arise out of a single-car traffic accident that occurred on the evening of May 12, 2019 in Marion, Ohio involving the pickup truck operated by Rollison. There were two other passengers in the vehicle—Caleb Smale ("Smale"), who was riding in the passenger seat, and Jacqueline Burgett ("Burgett"), who was seated between Rollison and Smale. The accident, which was witnessed by James Spears ("James") and Aaliyah Spears ("Aaliyah"), occurred on the dark and rainy night after Rollison "ran the light that was on Greenwood and Fairground" and lost control of his vehicle striking multiple poles. (Aug. 12, 2020 Tr., Vol. II, at 432-434). After his vehicle came to rest, Rollison "got out, and he ran," while Smale tended to Burgett's injuries. (*Id.* at 396). Burgett suffered a spinal-cord injury and later died on September 16, 2019.

{¶3} On May 29, 2019, the Marion County Grand Jury indicted Rollison on Count One of vehicular assault in violation of R.C. 2903.08(A)(2), a third-degree felony, and Count Two of failure to stop after an accident in violation of R.C. 4549.02(A), a fifth-degree felony. (Doc. No. 1). On May 31, 2019, Rollison appeared for arraignment and entered pleas of not guilty. (Doc. No. 4).

Case No. 9-20-41

{¶4} On October 16, 2019, the Marion County Grand Jury indicted Rollison under a superseding indictment on two additional counts: Count Three of failure to stop after an accident in violation of R.C. 4549.02(A), a fourth-degree felony, and Count Four of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), a second-degree felony. (Doc. No. 24). On October 22, 2019, Rollison appeared for arraignment and entered pleas of not guilty to the new indictment. (Doc. No. 27).

{¶5} The case proceeded to a jury trial on August 11-13, 2020. (Doc. No. 169). The jury found Rollison guilty of all the indicted counts. (Doc. Nos. 158, 159, 160, 161).

{¶6} On September 1, 2020, the trial court sentenced Rollison to 17 months in prison on Count Three and to a minimum term of 7 years in prison on Count Four, and ordered Rollison to serve the sentences consecutively for an aggregate minimum term of 8 years and 5 months in prison. (Doc. No. 169). For purposes of sentencing, however, the trial court merged Counts Two and Three and Counts One and Four, respectively. (*Id.*).

{¶7} Rollison filed his notice of appeal on November 6, 2020 and raises one assignment of error for our review. (Doc. No. 183).

**Assignment of Error No. I**

**The Trial Court Erred and Deprived Appellant Due Process of Law as Guaranteed By the Fourteenth Amendment to the United**

**States Constitution and Article One of the Ohio Constitution By Finding Him Guilty of Aggravated Vehicular Homicide as That Verdict Was Not Supported By Sufficient Evidence and Was Also Against the Manifest Weight of the Evidence. (Record Reference: Tr. Vol. II, PP 388-560, Tr. Vol. III, PP. 573-673)**

{¶8} In his sole assignment of error, Rollison argues that his aggravated-vehicular-homicide conviction is based on insufficient evidence and is against the manifest weight of the evidence.[1] In particular, Rollison argues that the State presented insufficient evidence that he operated his motor vehicle recklessly.

*Standard of Review*

{¶9} Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997). Therefore, we address each legal concept individually.

{¶10} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential

---

[1] Rollison does not challenge his failure-to-stop-after-an-accident or vehicular-assault convictions.

elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

{¶11} On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v.*

*Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Sufficiency of the Evidence Analysis*

{¶12} We will begin by addressing Rollison's sufficiency-of-the-evidence argument as it relates to his aggravated-vehicular-homicide conviction. *See State v. Velez*, 3d Dist. Putnam No. 12-13-10, 2014-Ohio-1788, ¶ 68, citing *State v. Wimmer*, 3d Dist. Marion No. 9-98-46, 1999 WL 355190, *1 (Mar. 26, 1999). Rollison was convicted of aggravated vehicular homicide in violation of R.C. 2903.06, which provides, in its relevant part, "[n]o person, while operating * * * a motor vehicle * * * shall cause the death of another * * * [r]ecklessly." R.C. 2903.06(A)(2)(a). The requisite mental state for aggravate-vehicular-homicide under R.C. 2903.06(A)(2)(a) is "recklessly." Reckless-mental culpability is defined under R.C. 2901.22, which provides as follows:

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

R.C. 2901.22(C). "Recklessness may be inferred from a combination of excessive speed and the surrounding circumstances." *State v. Schmidt*, 9th Dist. Medina No. 10CA0071-M, 2012-Ohio-537, ¶ 9, quoting *State v. Thomas*, 12th Dist. Butler No.

CA93-03-046, 1994 WL 266546, *3 (June 13, 1994), and citing *State v. Moore*, 2d Dist. Montgomery No. 22904, 2009-Ohio-3766, ¶ 8 ("A driver's grossly excessive speed, particularly when combined with other factors, will support a finding of recklessness.").

{¶13} On appeal, Rollison argues only that a rational trier of fact could not have found that he acted recklessly. Specifically, Rollison contends that the State did not present sufficient evidence that he acted recklessly because "Smale and both Aaliyah and James Spears, testified that they thought [Rollison's] vehicle was moving fast, but could not precisely testify as to its speed" and "the testimony regarding speed did not address if the speed occurred after the tire 'blowout' when control of the vehicle was lost." (Appellant's Brief at 6-7). Because it is the only element that Rollison challenges on appeal, we will review the sufficiency of the evidence supporting only whether he acted recklessly.

{¶14} "Generally, the intent of a person cannot be proven by direct evidence, thus proof of intent may be shown from circumstantial evidence." *State v. Cole*, 3d Dist. Seneca No. 13-10-30, 2011-Ohio-409, ¶ 23, citing *State v. Lott*, 51 Ohio St.3d 160, 168 (1990) and *State v. O'Black*, 3d Dist. Allen No. 1-10-25, 2010-Ohio-4812, ¶ 18. "Circumstantial evidence is '"the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind."'" *Id.*, quoting

*State v. Fisher*, 3d Dist. Auglaize No. 2-10-09, 2010-Ohio-5192, ¶ 26, quoting *State v. Duganitz* (1991), 76 Ohio App.3d 363, 367 (8th Dist.1991), citing *Black's Law Dictionary* 221 (5th Ed.1979).

{¶15} Circumstantial evidence has no less probative value than direct evidence. *State v. Griesheimer*, 10th Dist. Franklin No. 05AP-1039, 2007-Ohio-837, ¶ 26, citing *Jenks*, 61 Ohio St.3d at paragraph one of the syllabus. *See also State v. Heinish*, 50 Ohio St.3d 231, 238 (1990) ("This court has long held that circumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt."). "'[A]ll that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt.'" *State v. Miller*, 8th Dist. Cuyahoga No. 103591, 2016-Ohio-7606, ¶ 61, quoting *Jenks* at 272. "'"Circumstantial evidence is not only sufficient, but may also be more certain, satisfying, and persuasive than direct evidence."'" *Id.*, quoting *State v. Hawthorne*, 8th Dist. Cuyahoga No. 96496, 2011-Ohio-6078, ¶ 9, quoting *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330, 81 S.Ct. 6 (1960).

{¶16} Viewing the evidence in a light most favorable to the prosecution, we conclude that Rollison's aggravated-vehicular-homicide conviction is based on sufficient evidence. That is, the State presented sufficient evidence at trial from which the trier of fact could reasonably infer that Rollison acted recklessly.

Specifically, the State presented evidence that demonstrated that Rollison was driving erratically and at an excessive speed on a rainy night. *Accord State v. Wade*, 8th Dist. Cuyahoga No. 67206, 1995 WL 229110, *2 (April 13, 1995). *See State v. Moore*, 6th Dist. Wood No. WD-18-030, 2019-Ohio-3705, ¶ 49. Indeed, Patrolman Dylan Reese ("Patrolman Reese") of the Marion City Police Department and James testified that the accident occurred at night and in the rain. Further, James testified that Rollison was operating his vehicle "[e]rratic and fast" and Smale testified that Rollison "was going fast * * * and there was a whiteout, and he was acting all crazy. And then the next * * * thing [he] kn[e]w [they] hit the first pole." (Aug. 12, 2020 Tr., Vol. II, at 393, 434). Smale also testified that Rollison "was doing donuts and burnouts, [and] lost control." (*Id.* at 394). Moreover, James and Aaliyah testified that they witnessed Rollison run the traffic light before striking the pole.

{¶17} According to Smale, the first pole that Rollison struck was on the left side of the road, which required Rollison to travel across two opposite lanes of travel to strike the pole. After striking the first pole, Rollison's vehicle "hit the Genova Pizza sign pole" across the street. (*Id.*). Smale testified that Rollison "was trying to straighten her out, straighten out the wheel; but he couldn't do it. It was too late" and that the vehicle "was sliding because it was wet." (*Id.* at 395). *Compare State v. Nguyen*, 10th Dist. Franklin No. 02AP-1138, 2003-Ohio-2328, ¶ 37 (concluding that "there was evidence of other unusually dangerous conditions, in that [Nguyen]

was driving on a wet, poorly lit road" as "proof of recklessness"). Smale further testified that "[t]he whole entire wheel" "fell out" after the vehicle struck the Genova Pizza sign pole. (*Id.* at 395-396). Aaliyah and James testified that they saw one of the tires came off of the vehicle *after* it struck one of the poles.

{¶18} Based on that evidence, we conclude a rational trier of fact could have found beyond a reasonable doubt that Rollison acted recklessly—that is, the jury could infer from the evidence presented by the State at trial that Rollison, with heedless indifference to the consequences, disregarded a substantial and unjustifiable risk that his conduct (while operating his motor vehicle) was likely to cause Burgett's death. In other words, the trier of fact could conclude (based on the evidence presented by the State at trial) that Rollison's ability to react to the road conditions was greatly compromised given the nighttime conditions, the rain, the wet pavement, and his high rate of speed, and further conclude that Rollison disregarded that substantial and unjustifiable risk. *See Schmidt*, 2012-Ohio-537, at ¶ 14. Consequently, Rollison's aggravated-vehicular-homicide conviction is based on sufficient evidence.

{¶19} Having concluded that Rollison's aggravated-vehicular-homicide conviction is based on sufficient evidence, we next address Rollison's argument that his aggravated-vehicular-homicide conviction is against the manifest weight of the evidence. *Velez*, 2014-Ohio-1788, at ¶ 76.

*Manifest Weight of the Evidence*

**{¶20}** Although Rollison contends that his aggravated-vehicular-homicide conviction is against the manifest weight of the evidence in his assignment of error, his argument pertains only to the sufficiency of the evidence supporting that conviction. *Accord State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-894, ¶ 44 ("Although Frye asserts that he is challenging the weight of the evidence supporting his convictions * * *, his argument pertains only to the sufficiency of the evidence supporting those convictions."). (*See* Appellant's Brief at 8). Because Rollison presented only a sufficiency-of-the-evidence argument regarding his aggravated-vehicular-homicide conviction, we decline to conduct a manifest-weight-of-the-evidence analysis on his behalf. *State v. Yoder*, 9th Dist. Wayne No. 15AP0017, 2016-Ohio-7428, ¶ 23, citing *State v. Schmitz*, 9th Dist. Lorain Nos. 11CA010043 and 11CA010044, 2012-Ohio-2979, ¶ 36 and App.R. 16(A)(7). *See State v. Tabassum*, 9th Dist. Summit No. 25568, 2011-Ohio-6790, ¶ 5 ("Although, in the statement of his first assignment of error, Tabassum raises the issue of manifest weight, his arguments pertain only to the sufficiency of the evidence, and we limit our discussion accordingly."), citing App.R. 12(A)(2) and 16(A)(7).

**{¶21}** For these reasons, Rollison's assignment of error is overruled.

**{¶22}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and SHAW, J.J., concur.**

**/jlr**