[Cite as *State v. Bohach*, 2024-Ohio-389.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

      CASE NO. 3-23-28

v.

JACOB BOHACH,

      O P I N I O N

    DEFENDANT-APPELLANT.

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

      CASE NO. 3-23-29

v.

JACOB BOHACH,

      O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeals from Crawford County Municipal Court**
**Trial Court Nos. 23 CRB 250 and 23 CRB 252**

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**
**in Case No. 3-23-28**

**Judgement Affirmed in Case No. 3-23-29**

**Date of Decision:  February 5, 2024**

---

**APPEARANCES:**

    *Howard A. Elliott* **for Appellant**

    *Thomas F. Meagher V* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Jacob K. Bohach ("Bohach"), appeals the June 8, 2023 judgment entries of sentence of the Crawford County Municipal Court. For the reasons that follow, we affirm in part and reverse in part.

{¶2} These cases stem from Bohach's unwanted presence at the Pine Crest Mobile Home Community ("Pine Crest") in Crestline, Ohio. On February 6, 2023, Officer Ryan Novik ("Officer Novik") of the Crestline Police Department notified Bohach (in writing) that he was prohibited from entering Pine Crest after his former paramour, Hailey DeLong ("DeLong"), (along with the management of Pine Crest) requested law enforcement to instruct Bohach as such. Specifically, when Officer Novik informed Bohach that he "is not to be on [Pine Crest] property any longer," Bohach acknowledged that he understood the directive. (May 5, 2023 Tr. at 66).

{¶3} On March 21, 2023, Officer Logan Knipp ("Officer Knipp") of the Crestline Police Department was dispatched to Pine Crest after DeLong reported that Bohach appeared at her residence. Officer Knipp "was advised by dispatch that [Bohach] was headed westbound on Middletown Road," which is where Officer Knipp located Bohach. (*Id.* at 103). On March 25, 2023, Officer Knipp "was dispatched to [Pine Crest], again, [regarding Bohach] trespassing, and [Officer Knipp] made contact with him on Middletown Road." (*Id.* at 114).

-2-

{¶4} On March 27, 2023, Bohach was charged by complaint in case number 23 CRB 250 with a single count of criminal trespass in violation of R.C. 2911.21(A)(1), a fourth-degree misdemeanor. That same day, Bohach was also charged by complaint in case number 23 CRB 252AB with obstructing official business in violation of R.C. 2921.31(A), a second-degree misdemeanor, and criminal trespass in violation of R.C. 2911.21(A)(1), a fourth-degree misdemeanor. On April 5, 2023, Bohach appeared and entered pleas of not guilty in both cases.

{¶5} After a jury trial on May 5, 2023, the jury found Bohach guilty of all counts alleged in the complaints. On May 31, 2023, the trial court sentenced Bohach to 30 days as to the criminal-trespass charge in case number 23 CRB 250. (Case No. 23 CRB 250, Doc. No. 24). In case number 23 CRB 252AB, the trial court sentenced Bohach to 90 days in jail as to the obstructing-official-business charge and to 30 days in jail as to the criminal-trespass charge. (Case No. 23 CRB 252AB, Doc. No. 34). The trial court ordered Bohach to serve the sentences consecutively for an aggregate sentence of 150 days in jail.

{¶6} Nevertheless, due to his disruptions of the proceedings, the trial court found Bohach in direct contempt of court during his sentencing hearing. As a result, the trial court ordered Bohach to serve 10 and 30 days in jail as to each finding of direct contempt, respectively. The trial court further ordered Bohach to serve the

10- and 30-day jail sentences consecutively to the 150-day consecutive sentence imposed by the trial court for an aggregate sentence of 190 days in jail.[1]

**{¶7}** Bohach filed his notices of appeal on June 23, 2023 (in case number 23 CRB 252AB) and June 27, 2023 (in case number 23 CRB 250), respectively. This court consolidated the cases for purposes of appeal. Bohach raises two assignments of error for our review, which we will discuss together.

## First Assignment of Error

**The failure to admit that you had violated statute does not constitute an act sufficient to support a conviction for obstruction of official business, accordingly the conviction herein must be reversed, and the matter remanded to the trial court for further proceedings.**

## Second Assignment of Error

**The conviction herein is not supported by the manifest weight of the evidence nor is there sufficient evidence to support a conviction without the identification of the Defendant as the offender, and accordingly, the conviction herein must be reversed and the matter remanded to the trial court for further proceedings.**

**{¶8}** In his assignments of error, Bohach argues that his obstructing-official-business and criminal-trespass convictions are based on insufficient evidence and are against the manifest weight of the evidence.[2] In particular, in his first assignment of error, Bohach argues that his obstructing-official-business conviction is based on

---

[1] The trial court filed its judgment entry of sentence on June 8, 2023.
[2] Bohach does not challenge his findings of contempt.

insufficient evidence. In his second assignment of error, Bohach specifically disputes the issue of identity as to his criminal-trespass convictions.

*Standard of Review*

**{¶9}** Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997). Thus, we address each legal concept individually.

**{¶10}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19

("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

{¶11} On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Sufficiency of the Evidence*

{¶12} We will begin by reviewing the sufficiency of the evidence supporting Bohach's criminal-trespass and obstructing-official-business convictions. Bohach was convicted of criminal trespass under R.C. 2911.21(A)(1) and obstructing

official business under R.C. 2921.31(A). R.C. 2911.21 sets forth the offense of criminal trespass and provides, in its relevant part, that "[n]o person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another." R.C. 2911.21(A)(1). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

**{¶13}** However, Bohach does not dispute the evidence concerning the underlying elements of the offenses of which he was convicted; instead, he disputes the issue of identity as to his convictions. *Compare State v. Missler*, 3d Dist. Hardin No. 6-14-06, 2015-Ohio-1076, ¶ 13. Thus, we will address only the identity element of the offense. *Accord id.* "'It is well settled that in order to support a conviction, the evidence must establish beyond a reasonable doubt the identity of the defendant as the person who actually committed the crime at issue.'" *Id.*, quoting *State v. Johnson*, 7th Dist. Jefferson No. 13 JE 5, 2014-Ohio-1226, ¶ 27.

**{¶14}** In support of his sufficiency-of-the-evidence challenge, Bohach argues that a rational trier of fact could not have found that he was the person who criminally trespassed at Pine Crest. The record belies Bohach's argument. Importantly, the State presented direct evidence that Bohach was the person who criminally trespassed at Pine Crest. Decisively, Officer Knipp identified Bohach as the person seen in the Ring-doorbell-camera video on March 21 and 25, 2023.

{¶15} Specifically, Officer Knipp testified that he obtained the video recording from the Ring-doorbell camera from the residence adjacent to DeLong's residence. He identified State's Exhibit A as the video recording from the Ring-doorbell camera and testified that "[t]he clothes that the individual in [the] video [was] wearing" "match the clothes that [were] being worn by Mr. Bohach" when Officer Knipp stopped him on March 21, 2023. (May 5, 2023 Tr. at 112). Likewise, Officer Knipp testified that "the person in the video [was] wearing the same clothes that Jacob Bohach was wearing on" March 25, 2023. Accordingly, contrary to Bohach's argument on appeal, the State presented direct evidence tying him to Pine Crest. Therefore, based on our review of the record, a rational trier of fact could have found beyond a reasonable doubt that Bohach was the person who criminally trespassed. Thus, the record supports that Bohach's criminal-trespass convictions are based on sufficient evidence.

{¶16} Having concluded that Bohach's criminal-trespass convictions are based on sufficient evidence, we turn to Bohach's obstructing-official-business conviction. Obstructing official business is defined by R.C. 2921.31, which provides, in its relevant part, that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's

lawful duties." R.C. 2921.31(A). "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A).

{¶17} To violate the obstructing-official-business statue, a defendant must engage in an affirmative or overt act. *State v. Pierce*, 3d Dist. Seneca No. 13-16-36, 2017-Ohio-4223, ¶ 12. In other words, a person "'cannot obstruct official business by doing nothing.'" *Id.*, quoting *Garfield Hts. v. Simpson*, 82 Ohio App.3d 286, 291 (8th Dist.1992). Importantly, the "mere failure or refusal to respond to an officer's request does not constitute obstructing official business." *State v. Crowell*, 189 Ohio App.3d 468, 2010-Ohio-4917, ¶ 11 (2d Dist.). *See also Pierce* at ¶ 12 (noting that the "[f]ailure to give the police requested information is generally viewed as an omission rather than as an overt act").

{¶18} In this case, Bohach argues that his obstructing-official-business conviction is based on insufficient evidence because "there is no evidence whatsoever that [he] impeded [law enforcement's] investigation" by stating that "he had not been on the property when [law enforcement] believed he had been." (Appellant's Brief at 8). The State disagrees and argues that Officer Knipp's testimony "that the answer to the whereabouts of [Bohach] did hinder his

investigation" is sufficient evidence that Bohach obstructed official business. In other words, the State contends that Bohach's denial to Officer Knipp that he had trespassed at Pine Crest is sufficient evidence that he hampered or impeded Officer Knipp's performance of his duties.

{¶19} Based on our review of the record, we agree that the State did not present sufficient evidence that Bohach hampered or impeded law enforcement's investigation. That is, we conclude that the State presented insufficient evidence that Bohach—without privilege, or with purpose to prevent, obstruct, or delay the law enforcement officer's investigation—impeded Officer Knipp's performance of his duties by refusing to admit that he criminally trespassed at Pine Crest. *See State v. Casey*, 2d Dist. Montgomery No. 27210, 2017-Ohio-848, ¶ 31. Critically, Bohach's refusal to admit that he trespassed does not constitute an overt act that hampered or impeded Officer Knipp from performing his duties. *See Middletown v. Hollon*, 156 Ohio App.3d 565, 2004-Ohio-1502, ¶ 34 (12th Dist.). *See also State v. Prestel*, 2d Dist. Montgomery No. 20822, 2005-Ohio-5236, ¶ 16 (noting that "the mere refusal to cooperate with police and provide identification upon request does not constitute obstructing official business"). In other words, Bohach's lie to Officer Knipp did not *actually* hamper or impede Officer Knipp's investigation. Indeed, this was made clear by Officer Knipp's testimony on cross-examination. Nevertheless, even though Officer Knipp admitted on re-direct examination that

lying to a law enforcement officer can hamper or impede an investigation, there was no evidence presented connecting Officer Knipp's testimony to his investigation of Bohach for criminal trespassing. Consequently, Bohach's obstructing-official-business conviction is based on insufficient evidence.

*Manifest Weight of the Evidence*

{¶20} Nonetheless, since Bohach's criminal-trespass convictions are based on sufficient evidence, we turn to his argument that his criminal-trespass convictions are against the manifest weight of the evidence. Similar to his sufficiency-of-the-evidence argument, Bohach challenges the evidence identifying him as the person who criminally trespassed at Pine Crest. Specifically, Bohach argues that the evidence identifying him as the criminal trespasser weighs against his conviction because "no testimony was offered concerning any similarity in the clothing, or * * * the shape, height, weight or any other descriptive elements depicted in the camera scene that might match [Bohach]." (Appellant's Brief at 9).

{¶21} Contrary to Bohach's argument, the evidence we summarized in our sufficiency-of-the-evidence analysis supporting Bohach's criminal-trespassing conviction is weightier than the evidence against those convictions. Notably, Bohach overlooks Officer Knipp's testimony identifying him as the person seen in the Ring-doorbell-camera recording. Moreover, the jury heard DeLong's testimony that she received a call from a neighbor on March 21, 2023 "to let [her] know that

[Bohach] was actually outside walking around [her] trailer * * * ."  (May 5, 2023 Tr. at 137).  DeLong testified that, in response to the notification from her neighbor, she saw Bohach "already walking on Middletown," so she "yelled for him just to see what he was wanting, he turned around and looked at [her], but then he just kept on walking."  (*Id.* at 138).

{¶22} In this case, "the jury was free to believe or disbelieve all, part, or none of the testimony of the witnesses presented at trial."  *State v. Erickson*, 12th Dist. Warren No. CA2014-10-131, 2015-Ohio-2086, ¶ 42.  Indeed, "a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony."  *Id.*  Accordingly, we conclude that the jury did not clearly lost its way and create such a manifest miscarriage of justice that Bohach's criminal-trespassing convictions must be reversed and a new trial ordered.  Consequently, Bohach's criminal-trespassing convictions are not against the manifest weight of the evidence.

{¶23} Based on the foregoing, Bohach's first assignment of error is sustained and his second assignment of error is overruled.

{¶24} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in appellant's second assignment of error, we affirm the judgments of the trial court in case numbers 23 CRB 250 and 23 CRB 252AB.  Having found error prejudicial to the appellant herein in the particulars assigned and

argued in his first assignment of error, we reverse the judgment of the trial court in case number 23 CRB 252AB and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and Cause*
*Remanded in Case No. 3-23-28*

*Judgment Affirmed in Case No. 3-23-29*

**MILLER and WALDICK, J.J., concur.**

**/hls**